IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMBER R. BRADSHAW                                                                    PLAINTIFF

v.                                            CIVIL NO. 15-5166

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Amber R. Bradshaw, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on June 24, 2008, alleging an inability to work since January 31, 2007, due to back and hip problems.  (Tr. 115, 137).  An administrative hearing was held on September 16, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 20-58).

In a written decision dated April 15, 2010, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations.  (Tr. 8-16). The Appeals Council declined review of the ALJ's decision on June 22, 2011. (Tr. 1-4).

1

Plaintiff appealed the ALJ's April 15, 2010, decision to this Court. In a decision dated July 13, 2012, this Court remanded the case back to the Commissioner to further develop the record, and to re-evaluate Plaintiff's impairments. (Tr. 317-323). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on December 5, 2013. (Tr. 324-327). Supplemental administrative hearings were held on September 22, 2014, and April 27, 2015. (Tr. 287-316). For DIB purposes, Plaintiff maintained insured status through March 31, 2012. (Tr. 122, 230).

By written decision dated May 26, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 232). Specifically, the ALJ found Plaintiff had the following severe impairments: a musculoskeletal disorder, and a mental disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 233). The ALJ found Plaintiff retained the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: The claimant can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of at least two hours in an eight hour workday. The claimant can occasionally climb ramps or stairs, balance, crawl, kneel, stoop, or crouch. The claimant can perform work that is limited to simple, routine, and repetitive tasks where interpersonal contact is incidental to the work performed, and the supervision is simple, direct, and concrete.

(Tr. 234). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small product assembler, a document preparer, and an escort vehicle driver. (Tr. 239-240).

2

Plaintiff filed this action on July 20, 2015. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that

3

results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ's RFC determination is improper; and 2) Plaintiff cannot perform the jobs identified at Step Five.

**A.     Insured Status and Relevant Time Periods:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on March 31, 2012. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of January 3, 2007, her alleged onset

date of disability, through March 31, 2012, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

With respect to Plaintiff's SSI application, benefits are not payable prior to the date of application, regardless of how far back disability may, in fact, be alleged or found to extend. See 20 C.F.R. § 416.335. Therefore, the relevant period is from June 24, 2008, the date Plaintiff applied for SSI benefits, through May 26, 2015, the date of the ALJ's decision.

**B.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the United States Court of Appeals for the Eighth Circuit

5

observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that while Plaintiff does have pain, she is able to take care of her personal needs, to do household chores, to drive, to help take care of her two children and disabled husband, to prepare meals, to shop, and to spend time with others. A review of Plaintiff's C.A.R.E. Chiropractic Clinic notes dated in 2015 reveal Plaintiff was a volunteer teacher at a school from 8:30 am until 3:15 pm, Tuesday through Friday. (Tr. 645, 652, 657). The ALJ properly considered these activities when determining Plaintiff's credibility.

With respect to Plaintiff's physical impairments, the ALJ noted that Plaintiff has been treated conservatively. The ALJ also pointed out that while it was recommended that Plaintiff undergo physical therapy, the record does not reveal that she followed this recommended treatment plan. As for Plaintiff's mental impairment, the record fails to establish that she sought on-going and consistent treatment from a mental health professional during the time period in question.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C.     ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes

6

medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations during the time periods in question. The Court notes that in determining Plaintiff's RFC, the ALJ

7

discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

With respect to the medical source statement (Statement) completed by Plaintiff's treating physician, Dr. Susan Portis Ferguson, indicating Plaintiff could perform less than sedentary work, the ALJ noted that this assessment was inconsistent with Dr. Ferguson's treatment notes and with the record as a whole. Perkins v. Astrue, 648 F.3d 892, 899 (8th Cir. 2011) (it is permissible for ALJ to discount opinion that is inconsistent with physician's own treatment notes). A review of the medical records completed by Dr. Ferguson, and other physicians in her practice, reveal that Plaintiff had normal musculoskeletal exams or denied arthralgias in January of 2014, February of 2014, May of 2014, and December of 2014. Plaintiff also testified that Dr. Ferguson completed the Statement during an examination, and that Dr. Ferguson asked Plaintiff questions regarding her ability while completing this form. (Tr. 303).

With respect to Dr. Ted Honghiran's consultative examination and medical source statement, Plaintiff argues that the ALJ erred in failing to include Dr. Honghiran's opinion that Plaintiff could not sit for more than four hours during the workday. A review of Dr. Honghiran's examination notes reveals that Plaintiff walked normally, was able to dress and undress herself, was able to get up on her tiptoes and heels, and had no difficulty getting off and on the examination table. Upon examination, Plaintiff was noted to have a limited range

8

of motion of her lumbar spine, and Dr. Honghiran recommended Plaintiff be trained in a line of work that did not require "a lot of standing, lifting, bending, or long standing." (Tr. 615). Dr. Honghiran also completed a medical source statement wherein he opined that Plaintiff could sit for a total of four hours, and stand and walk for two hours each in an eight hour work day. In addressing Dr. Honghiran's examination notes and opinion, the ALJ discussed this evidence and properly resolved any conflicts of the medical evidence when determining Plaintiff's RFC.

With respect to the ALJ's language that he gave substantial weight to Plaintiff's examining and treating physician's opinions, the Court believes this language to be a scrivener's error. In the body of the opinion, the ALJ clearly states that little weight was given to Dr. Ferguson, and substantial weight was given to Dr. Honghiran. The ALJ also set forth the basis for the weight given to theses opinions. The Court finds the ALJ's "arguable deficiency in opinion-writing technique" had no bearing on the outcome of Plaintiff's case and does not warrant remand. Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir. 2004) (citations omitted). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time periods in question.

### D.     Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a small

product assembler, a document preparer, and an escort vehicle driver during the time periods in question. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 1st day of July, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE